UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,             CASE NO.  05-80019-CR-DIMITROULEAS

    Plaintiff,

vs.

JERAL ROBERSON,

    Defendant.
_____/

# **O R D E R**

THIS CAUSE is before the Court on Defendant's pro se June 2, 2008[1] Motion For Modification of Sentence (18 U.S.C. § 3582(c)(2)[DE-56], and the court has reviewed the Court file and Pre-Sentence Investigation Report (PSIR), and finds as follows:

    1. On March 1, 2005, Roberson was indicted and charged with Possession with Intent to Distribute fifty (50) grams or more of Crack Cocaine. [DE-11].  On June 28, 2005, the case was transferred to the undersigned for trial. [DE-34].

    2. On June 28, 2005, the Defendant was found guilty as charged in a non-jury trial. [DE-39].

    3. On September 8, 2005, Roberson was sentenced to 120 months in prison, the mandatory minimum.  The Pre-Sentence Investigation Report held Roberson accountable for 53.7 grams of crack cocaine, which would have resulted in a Base Level of 32 with a Criminal History Category I, (Roberson was awarded a two level reduction for acceptance of responsibility), he scored out to a range of 97-121 months.  However, because of the mandatory minimum, the range was 120-121 months.  The Court imposed the mandatory minimum sentence of one-

---

[1] Filed on June 9, 2008.

hundred twenty (120) months.  On September 13, 2006, the Eleventh Circuit Court of Appeals affirmed. [DE-54].  U.S. v. Roberson, 195 Fed. Appx. 902 (11th Cir. 2006).

      4.  In this Motion for Reduction of Sentence, Roberson contends that he should get the benefit of the Sentencing Guidelines Commission's recent reduction in the scoring of crack cocaine.  Under the recent amendments, Roberson's base level offense for 53.7 grams of crack cocaine would have been reduced to Level 30.  However, the change in the guidelines only reduces the offense level, it does not affect the mandatory minimum, which controls over the guidelines range.  U.S. v. Eggersdorf. 126 F. 3d 1318 (11th Cir. 1997) cert. denied, 523 U.S. 1013 (1998).  Therefore, any change in the guideline does not affect Roberson's sentence.  See U.S. v. Armstrong, 347 F. 3d 905, 907 (11th Cir. 2003).  No evidentiary hearing is necessary.

      Wherefore, Roberson's Motion For Reduction of Sentence [DE-56] is Denied.

      DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of June, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Adrienne Rabinowitz, AUSA

Jeral Roberson, #75093-004
Federal Prison Camp C
110 Raby Avenue
Pensacola, Florida 32509